IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____
                                        )
MIGUEL ANGEL FUENTES CORDOVA  and       )
LEOBARDO MORALES INCLAN                  )
on behalf of themselves and all others   )          Case No. 1:14-cv-00462-WS-M
similarly situated,                      )
                                        )
        Plaintiffs,                      )
                                        )
v.                                       )
                                        )
R & A OYSTERS, INC., RODNEY L. FOX, and  )
ANN P. FOX,                              )
                                        )
        Defendants.                      )
_____)

**PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS ACTION**

In accordance with the provisions of Rule 23 of the Federal Rules of Civil Procedure,

Plaintiffs move this Court for a determination that this action may be maintained as a class action

under subsection (b)(3) with respect to the claims set forth in Counts II, III, and IV of the

Complaint in this cause. In support of this motion, the Plaintiffs state as follows:

1.      Plaintiffs are migrant agricultural workers from Mexico who were admitted to the

United States to work under the H-2B temporary foreign worker visa program. This suit alleges

that Defendants R & A Oysters, Inc. ("R & A"), Rodney L. Fox, and Ann P. Fox failed to

comply with recordkeeping, wage statement, wage payment provisions, and housing inspection

and certification requirements of the federal Migrant and Seasonal Agricultural Worker

Protection Act, 29 U.S.C. §§ 1801, *et seq*. ("AWPA") during the period from 2008 until the date

of filing of this action.  The lawsuit also alleges that Defendants R & A Oysters, Inc. and Rodney

L. Fox breached their H-2B guest worker contracts under Alabama state contract law during the period from 2008 until the date of filing of this action.

2.      Plaintiffs seek to represent a class consisting of:

all individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in Alabama from October 8, 2008, until the date of filing of the present action, and who were paid on an hourly basis. *See* Compl. ¶ 66.

3.      Plaintiffs also propose a subclass, consisting of

all individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by Defendants in Alabama from October 8, 2008 until the date of the filing of the present action, and who lived in employer-provided housing. *See* Compl. ¶ 67.

4.      Although the exact size of the alleged class is presently unknown, the members of the class are so numerous as to make joinder impracticable. The class is believed to include over 100 individuals. Compl. ¶ 69. In addition, the limited size of the class members' claims, their geographic dispersion, relative indigency, lack of proficiency in the English language, and relative unfamiliarity with the U.S. legal system makes joinder of all members impracticable. Compl. ¶ 70.

5.      Common questions of law and fact exist with regard to the members of the class. Compl. ¶¶ 71-72. These common questions include the following:

a. Whether the failure of the Defendants to pay the Plaintiffs and the other class members at least the prevailing wage for all compensable hours as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions;

b. Whether the Defendants' failure to maintain complete and accurate records regarding the Plaintiffs' and the other class members' work and Defendants' failure to

provide the Plaintiffs and the other class members with accurate wage statements and written disclosures were violations of the AWPA;

c. Whether the failure of the Defendants to pay the Plaintiffs and the other class members at least the prevailing wage for all hours worked as required by the H-2B temporary foreign labor program violated the employment contracts;

d. Whether the failure of the Defendants to pay the Plaintiffs and other class members at least the prevailing wage for all hours worked as required by the H-2B temporary foreign labor program violated the Defendants' contracts with the U.S. Department of Labor, of which the Plaintiffs and other class members were intended beneficiaries.

6. Common questions of law and fact exist with regard to the members of the housing subclass. The common contention that unites the claims of the housing subclass is whether the Defendants' migrant worker housing facilities were in violation of the AWPA. Compl. ¶ 72.

7. The claims of the Plaintiffs are typical of the alleged class, in that the named Plaintiffs incurred the same transportation, lodging, border crossing, and visa processing costs as the other class members, and the Plaintiffs lived in the same employer-provided housing with other subclass members. Because the Plaintiffs and the other class members challenge the lawfulness of the Defendants' payment, recordkeeping, and housing practices, it is anticipated that Defendants will assert similar defenses as to all of the individual Plaintiffs and other class members.

8. The named Plaintiffs will fairly and adequately represent the interests of the class. The Plaintiffs' interests are in no way antagonistic to those of other class members. All class

members will benefit from the relief sought. Plaintiffs' counsel is experienced in federal court litigation on behalf of immigrant workers and under the AWPA, including class actions, and will vigorously prosecute this action on behalf of the class.

9.      In similar cases under the AWPA, courts have frequently certified classes pursuant to Rule 23(b)(3), including classes involving the type of violations complained of in this action.

10.      Common questions of law and fact presented in this case predominate over any individual questions, as the Plaintiffs and the other class members all seek to remedy common legal grievances, including the systematic failure of the Defendants to properly pay wages, maintain records, and comply with housing requirements.

11.      A class action is superior to other methods of adjudicating this controversy. Because of the geographic dispersion of class members, lack of proficiency in English, indigent status, and relatively small amount of individual recovery, maintenance of individual actions would be unmanageable. Moreover, no other litigation concerning this controversy has been commenced by the class members. It is desirable to have this litigation maintained in this forum, as Defendants conducted significant business in this forum, and important witnesses are located here.

This motion is further supported by the accompanying Memorandum of Law and Exhibits, which are incorporated herein by reference.

Respectfully submitted,

/s Eunice Cho

Eunice Cho (California Bar No. 266417)

*Admitted Pro Hac Vice*
James M. Knoepp (Georgia Bar No. 366241)
*Admitted Pro Hac Vice*
SOUTHERN POVERTY LAW CENTER
1989 College Ave. NE
Atlanta, GA 30317
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
Eunice.cho@splcenter.org
Jim.knoepp@splcenter.org

Samuel Brooke (ASB-1172-L60B)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
Samuel.brooke@splcenter.org

Meredith B. Stewart (Louisiana Bar No. 34109)
*Admitted Pro Hac Vice*
SOUTHERN POVERTY LAW CENTER
1055 St. Charles Avenue, Suite 505
New Orleans, LA 70130
Telephone: (504) 526-1497
Facsimile: (504) 486-8947
Email: Meredith.stewart@splcenter.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date the foregoing and accompanying documents were filed through the Court's CM/ECF filing system, and will be served on the defendants listed below with the summons.  When service is complete a Proof of Service form will be filed with the Court, which Proof of Service will list the date, method, and documents served.

R & A Oysters, Inc.
18509 Santa Maria Drive
Baton Rouge, LA 70809

Rodney L. Fox
18509 Santa Maria Drive
Baton Rouge, LA 70809

Anne P. Fox
18509 Santa Maria Drive
Baton Rouge, LA 70809

Dated:  October 10, 2014

/s Eunice Cho
Eunice Cho (California Bar No. 266417)
*Admitted Pro Hac Vice*
SOUTHERN POVERTY LAW CENTER
1989 College Ave. NE
Atlanta, GA 30317
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
Eunice.cho@splcenter.org