IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 14-0462-WS-M ) |
| R & A OYSTERS, INC., et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

The plaintiffs have filed a motion for preliminary certification of a collective action and for ancillary relief. (Doc. 7). The defendants have filed a response and the plaintiffs a reply, (Docs. 41, 42), and the motion is ripe for resolution.

According to the amended compliant, (Doc. 20), the plaintiffs are migrant agricultural workers who were employed by the defendants under temporary work visas. They seek, inter alia, a collective action to redress alleged violations of the Fair Labor Standards Act ("FLSA").

"An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). The FLSA thus allows the maintenance of a collective action, and notice to potential class members, if the represented employees are

"similarly situated" to the named plaintiffs.  *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).[1]

The Eleventh Circuit has recommended that trial courts consider certification under Section 216(b) in two stages.  "The first determination is made at the so-called 'notice stage.'  At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members."  *Hipp*, 252 F.3d at 1218 (internal quotes omitted).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.  If the court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'"  *Id*. (internal quotes omitted).  At the second stage, in response to a motion to decertify made after discovery, the court makes a more informed factual determination on the similarly situated issue.  *Id*. at 1218.  While this two-tiered approach is only "suggest[ed]," not "require[ed]," *id.* at 1219, the parties agree to this approach.  (Doc. 8 at 12; Doc. 41 at 1).

At the initial stage, "[t]he plaintiffs bear the burden of demonstrating a reasonable basis for their claim of class-wide discrimination."  *Grayson v. K Mart*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal quotes omitted).  "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  *Id*. (internal quotes omitted).  "[T]he district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job

---

[1] Section 216(b) applies to actions under the Age Discrimination in Employment Act ("ADEA"), and cases (such as *Hipp*) construing Section 216(b) in the ADEA context apply equally to cases brought under the FLSA.  *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1014 n.1 (11th Cir. 2007).

requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (internal quotes omitted).

The proposed class is defined as "[a]ll non-supervisory workers admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in Alabama between October 8, 2011 and the present, and who were paid on an hourly basis." (Doc. 7 at 1-2). The defendants do not oppose conditional certification of this class, (Doc. 41 at 1), and the Court discerns no deficiency in the plaintiffs' presentation.

The plaintiffs seek the following forms of ancillary relief: (1) approval of their proposed notice; (2) direction to the defendants to produce the names, last known permanent addresses, and telephone numbers (if any) of all potential opt-in plaintiffs; (3) establishment of a deadline for the filing of consent forms by those wishing to opt in to the collective action; and (4) direction to the defendants to post the notice at worker housing facilities. (Doc. 7 at 2; Doc. 8 at 2).

The defendants have no objection to the language of the proposed notice. Nor do they oppose posting the notice at worker housing facilities. However, they request that the notice be translated into Spanish "by an independent, certified third party." (Doc. 41 at 4). The plaintiffs agree to translation "by a federally-certified third party translator mutually agreed-upon by the Parties." (Doc. 42 at 2).

The defendants do not object to producing the names and last known permanent addresses of potential class members, but they do object to producing telephone numbers. (Doc. 41 at 3-4). The plaintiffs respond that courts routinely require defendants to produce telephone numbers, including in migrant worker cases. (Doc. 42 at 3-5). Of the seven cases the plaintiffs cite, five ordered production of telephone numbers without objection or discussion, and one said nothing about telephone numbers. In the seventh, the Court without objection ordered production of telephone numbers but "only authorize[d] the Plaintiffs to provide potential opt-in workers with the proposed notice by first-class mail."

3

*Jimenez v. GLK Foods LLC*, 2013 WL 3936928 at *5-6 (E.D. Wis. 2013).  In particular, the *Jimenez* Court forbade plaintiffs' counsel to send representatives to Mexico to distribute copies of the notice "and orally provide the information contained in the Notice to anyone who requests it." *Id*. at *5.  The Court noted its role of "insur[ing] that the information conveyed with the court's authorization is neutral and unbiased," a role it could not easily fulfill with oral communications.  "Absent such control over the message, the court is reluctant to authorize such contact and thereby appear to place its imprimatur upon the information conveyed." *Id*.

      In short, none of the authorities on which the plaintiffs rely actually support the proposition that the defendant should be compelled to produce telephone numbers over objection so that the plaintiffs may contact potential class members before they express any interest in participating in this action.

      The plaintiffs suggest they should be provided the telephone numbers because many potential class members "permanently reside in isolated rural regions of Mexico," where "mail service is unreliable and slow."  Moreover, the majority of them "frequently change addresses and/or are absent from their permanent residences for months at a time due to the migrant labor they perform." (Doc. 42-1 at 2-3).  The plaintiffs conclude that, if they are not permitted to contact potential class members by phone, "it is very likely that many will never learn of the opportunity to participate in this lawsuit." (Doc. 42 at 5).  The Court finds this information too generalized and unsubstantiated to support a firm prediction that lack of telephone numbers dooms the collective action in advance.

      The Court is aware from its independent research that courts have taken a variety of approaches to the disclosure of the telephone numbers of potential class members.  Since the plaintiffs have not addressed them, and since the defendants thus have not had an opportunity to respond, the Court declines to select any approach for all cases.  However, in this case the plaintiffs have sought a generous five-month period for filing of opt-in notices.  The Court will establish this filing

period,[2] which will provide the plaintiffs ample opportunity to contact potential class members by mail.[3] Should the plaintiffs later return to Court with appropriate evidence that significant numbers of potential class members have not received written notice, and should they at that time offer a more compelling factual and legal presentation, they may attempt to persuade the Court to order production of telephone records.

For the reasons set forth above, the plaintiffs' motion for preliminary certification is **granted**, with the class defined as described above. The proposed notice is **approved**. The plaintiffs are **ordered** to utilize a federally certified third party translator, and the parties are **ordered** to confer in good faith and to agree on such a translator not later than 14 days following entry of this order. The defendants are **ordered** to produce to the plaintiffs, within 20 business days after entry of this order, a list of names and last known permanent addresses of all potential opt-in plaintiffs. The defendants are further **ordered** to post the translated notice at worker housing facilities. The deadline for filing opt-in notices is established as five months from the date on which the defendants furnish the plaintiffs the list of names and addresses. To the extent the plaintiffs seek any different or additional relief, their motion is **denied**.

DONE and ORDERED this 27th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] After the defendants objected to the proposed five-month period and countered with a 60-day proposal, the parties agreed to a 90-day period. (Doc. 42 at 2-3). The Court will nevertheless approve a five-month period because it is the defendants' resistance to producing telephone numbers that potentially complicates the giving of notice.

[3] The plaintiffs requested that the 90-day period commence once the notices have been mailed. (Doc. 42 at 2). Because the Court is approving the five-month period the plaintiffs originally requested, it will also utilize the starting date the plaintiffs then requested, *viz.*, "the date on which the Defendants produce the names and addresses." (Doc. 8 at 2). The parties agree that the defendants shall have 20 business days from entry of this order within which to supply this information. (Doc. 41 at 5; Doc. 42 at 2).