IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 14-0462-WS-M ) |
| R & A OYSTERS, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER**

The plaintiffs have filed a "notice of acceptance of amended offer of judgment as to Count I (Fair Labor Standards Act, Non-Retaliation Claims)." (Doc. 101). The plaintiffs say that, "the offer of judgment having been accepted, the Clerk of the Court must therefore enter judgment for Plaintiffs and against Defendants as to Count I only." (*Id*. at 2). The Court is not so sure.

As a threshold matter, the plaintiffs have not established that Rule 68 may properly be invoked to resolve a single cause of action in a lawsuit containing multiple claims.[1] If Rule 68 can be used only to resolve an entire case, then its provision that "[t]he clerk must then enter judgment," Fed. R. Civ. P. 68(a), has not been triggered.

But there is a more fundamental reason the Clerk cannot enter judgment. The settled claim is one for violation of the minimum wage provisions of the FLSA. (Doc. 20 at 18). "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an

---

[1] The amended complaint lists six claims, (Doc. 20), three of which have been dismissed. (Doc. 52).

employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"); *Mayer v. Wall Street Equity Group, Inc.*, 514 Fed. Appx. 929, 935 (11th Cir. 2013) (dismissal of FLSA case was invalid where it "d[id] not satisfy the FLSA's general 'judgment' requirement, see 29 U.S.C. § 216(b), or our specific requirement of a stipulated judgment or consent decree enforcing a settlement").

For the reasons set forth above, the notice of acceptance of amended offer of judgment, construed as a motion for entry of judgment on the FLSA wage claim, is **denied**, without prejudice to the parties' ability to seek entry of judgment by proper means.

DONE and ORDERED this 21st day of December, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE