IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  CIVIL ACTION 14-0462-WS-M ) |
| R & A OYSTERS, INC., et al., | ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the motion of eighteen plaintiffs and opt-in plaintiffs "for approval of acceptance of defendants' amended Rule 68 offer of judgment and entry of judgment" on their FLSA claim. (Doc. 112).[1]  The defendants do not oppose the motion and agree both that the settlement is fair and reasonable and that judgment as to the FLSA claim should be entered pursuant to Rule 54(b).  (*Id*. at 2).

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed:  a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the

---

[1] The parties anticipate a similar motion shortly as to the other three opt-in plaintiffs.  (Doc. 112-1 at 2 n.3).

Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"). The settling plaintiffs bring this motion in compliance with *Lynn's Food Stores* and *Nall*.

Upon review of the amended complaint, the motion, and the attachments to the motion, the Court is satisfied that the settlement is fair and reasonable under the governing standards. The Court also notes that the concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent here. Finally, the Court determines that there is no just reason to delay the entry of final judgment as to the FLSA claim of these 18 plaintiffs and opt-in plaintiffs.

For the reasons set forth above, the motion is **granted** and the settlement is **approved**. The parties are **ordered** to submit, on or before **March 15, 2016**, a proposed stipulated judgment in accordance with governing law.

DONE and ORDERED this 1st day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE