## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 14-0462-WS-M |
| R & A OYSTERS, INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion and supplemental motion for attorney's fees and costs.  (Docs. 122, 139).  The parties have filed briefs and exhibits in support of their respective positions, (Docs. 122-1 to -9, 136, 136-1 to -5, 138, 139-1, 144), and the motions are ripe for resolution.

## BACKGROUND

The plaintiffs, all migrant workers admitted to the United States to work under the H-2B temporary foreign worker visa program, brought suit asserting causes of action under the Fair Labor Standards Act ("FLSA"), the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), and state law.  As relevant here, Count One of the amended complaint alleges a failure to pay the federal minimum wage in violation of the FLSA.  (Doc. 20 at 18-19).  After that claim was conditionally certified as a collective action, and after the time for opting in had closed, the defendants made an offer of judgment as to Count One, which the plaintiffs accepted.  (Doc. 101).  The offer of judgment left for judicial determination the amount of attorney's fees and costs to be awarded on Count One, and the instant motions seek resolution of that issue.

**DISCUSSION**

"The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The analysis of *Hensley v. Eckerhart*, 461 U.S. 424 (1983), applies to attorney's fee issues under the FLSA.[1]

As the parties agree, the starting point in this analysis is a multiplication of the hours reasonably expended by a reasonable hourly rate, the product of which is known as the lodestar.  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Because the parties seek no upward or downward adjustments of the lodestar amount, the Court need only determine the lodestar amount.  *Hensley*, 461 U.S. at 434; *Bivins*, 548 F.3d at 1350.

**I.  Reasonable Hourly Rates.**

The plaintiffs seek an hourly rate of $300 for two senior attorneys (Jim Knoepp and Daniel Werner), of $150 for two associate-level attorneys (Meredith Stewart and Eunice Cho), and of $75 for two paralegals (Emily Martin and Kristin Donovan).  (Doc. 122-1 at 6-9).  The defendants "do not contest … the reasonableness of the rates offered by Plaintiffs," (Doc. 136 at 1-2), and the plaintiffs' presentation easily persuades the Court that, given counsel's experience and expertise, the unique demands of this case, and the history of fee awards in FLSA cases in this District, the proposed rates are in fact reasonable.

---

[1] *Hensley* construed 42 U.S.C. § 1988, but "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  461 U.S. at 433 n.7.  The Eleventh Circuit has repeatedly applied *Hensley* in an FLSA context.  *Martinez Hernando County Sheriff's Office*, 579 Fed. Appx. 710, 713 (11th Cir. 2014); *Padurjan v. Aventura Limousine & Transportation Service, Inc.*, 441 Fed. Appx. 684, 685-86 (11th Cir. 2011); *Galdames v. N&D Investment Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011); *Perez v. Carey International, Inc.*, 373 Fed. Appx. 907, 910-11 (11th Cir. 2010).

## II.  Hours Reasonably Expended.

The defendants raise a number of objections to the hours for which fees are sought, which the Court addresses in turn.

### A.  Hours Unrelated to Count One.

The defendants identify two entries, totaling 1.6 hours, that they say reflect time spent on claims other than Count One.  (Doc. 136 at 2-3).  The Court agrees with the plaintiffs that the December 3, 2015 entry reflects work performed regarding Count One, (Doc. 138 at 5), but the Court agrees with the defendants that the May 1, 2015 entry does not do so to any meaningful degree.  Accordingly, Stewart's time will be cut by 1.0 hour, for a $150 reduction in the fee award.

### B.  Excessive Hours.

### 1.  Discovery.

The defendants identify almost $4,000 in billings they say should be cut because they represent discovery efforts occurring after the August 2015 date by which the plaintiffs admit they had received all the information necessary to calculate damages under Count One.  (Doc. 136 at 3-4).  As the plaintiffs observe, however, the defendants' liability for such damages remained a contested issue long after this point.  (Doc. 138 at 2-3).[2]  Since the defendants have identified no hours devoted to FLSA damages discovery after August 2015, no reduction will be made on this basis.

### 2.  Settlement.

The defendants next complain that the plaintiffs seek over $14,000 in fees incurred after they received the defendants' original offer of judgment on

---

[2] In October 2015, the defendants in the Rule 26(f) report identified numerous live liability issues regarding Count One, including at least the following:  payment; legality of deductions from pay; re-imbursement obligations; credits or setoff; and good faith/willfulness.  (Doc. 90 at 6-7).

November 25, 2015.  (Doc. 136 at 4-5).  As the plaintiffs point out, however, that offer of judgment was never accepted, and the amended offer of judgment was not accepted until December 16, 2015.  (Doc. 101).  The defendants do not explain how the plaintiffs could have acted unreasonably in continuing to incur fees on a claim that had not yet settled, especially given the need: to evaluate the fairness of the offer; to consult with 18 Spanish-speaking, geographically removed clients regarding the offer; to answer their questions, address their concerns and obtain their approval of the offer; to consider legal questions concerning offers of judgment;[3] to communicate with opposing counsel regarding the offer; to chart a path forward should the offer be accepted by all (or less than all) of the plaintiffs; and to formally accept the offer.  By the Court's reckoning, approximately half of the challenged fees were incurred between November 25 to December 16 and reflect time spent on these and similar tasks.  As the defendants have identified no unreasonable aspect to these hours, they will not be reduced.

After December 16, it appears that the requested fees focused on preparing the required motion for judicial approval of the settlement and developing the evidentiary support therefor, negotiating the language of the required stipulated judgment, and preparing the instant motions and the evidentiary support therefor. The single sentence the defendants devote to these hours[4] falls far short of exposing any unreasonableness in the claimed hours, and no reduction will be made.

---

[3] The Court has previously noted the unusual nature of an offer of judgment as to a single claim in a multi-claim lawsuit.  (Doc. 102 at 1).

[4] "It is hardly reasonable for Plaintiffs to expend such effort and time on a settled claim."  (Doc. 136 at 5).

### C.  Legally Non-Recoverable Hours.

### 1.  Travel.

The plaintiffs' requested fees include approximately 107 hours of travel time. (Doc. 122-2 at 2).  "[A]lthough there are no precise rules with respect to travel time, a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims," and "we do not think it reasonable to pass the costs of [non-local counsel's] travel on to the [defendant] without a showing of lack of local counsel."  *Martinez v. Hernando County Sheriff's Office*, 579 Fed. Appx. 710, 714 (11th Cir. 2014) (internal quotes omitted).  The defendants argue the plaintiffs have made no such showing, such that all these hours should be disallowed.  (Doc. 136 at 5-6).  The Court, however, finds that the plaintiffs have made the requisite showing.  (Doc. 138 at 6-7).  Therefore, no reduction will be made on this basis.[5]

### 2.  Duplication.

"There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."  *Norman v. Housing Authority*, 836 F.2d 1292, 1302 (11th Cir. 1988). However, "[t]he time billed for excessive lawyers in a courtroom or conference when fewer would do, may obviously be discounted."  *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 433 (11th Cir. 1999) (internal quotes omitted).  The defendants object to Cho's attendance at a July 2015 status conference on the grounds that she contributed nothing to the conference.  (Doc. 136 at 6-7). Although the plaintiffs disagree with that characterization, they offer only a

---

[5] The Court notes that the plaintiffs seek recovery of travel time at 50% of the hourly rates approved in Part I.  (Doc. 122-2 at 2; Doc. 122-3 at 5).

general statement, unsupported by any evidence, as to Cho's role, which they admit was limited.  (Doc. 138 at 8).  The Court concludes that the 12.9 hours Cho billed for the status conference should be subtracted from the plaintiffs' fee award.[6]

 "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).  The defendants identify a wealth of entries by Stewart, Martin and Donovan that they say reflect the performance of such non-compensable work by lawyers and paralegals.  (Doc. 136 at 7-8; Doc. 136-4).

The Court finds that three of Stewart's entries must be reduced on this basis:  a June 2014 entry for "saving photos of workers' pay stubs to the server"; a January 2015 entry for "uploading [client's] docs"; and a December 2015 entry for "[p]utting cases re time to respond to Rule 68 offer in case file."  (Doc. 122-10 at 7-9).  The Court finds that two of Donovan's entries must also be reduced on this basis:  a June 2014 entry for "gather documents" and another June 2014 entry for "[s]can, upload … worker documents."  (Doc. 122-10 at 7).

Most of the challenged entries were made by Martin.  Many of these entries are for copying, printing, downloading, scanning, saving and uploading documents, and the plaintiffs do not attempt to justify these activities as non-clerical.  Many other entries are for sending e-mails and faxes, and the plaintiffs likewise concede by silence the non-recoverability of these hours.  Martin also has entries for creating pdf files, typing the defendants' list of potential opt-in plaintiffs, mail merging addresses for these individuals, stuffing envelopes, gathering supplies, merging the Spanish and English versions of interrogatory

---

[6] This includes 2.5 hours in attending the conference and 10.4 hours in travel from and to Atlanta, (Doc. 122-10 at 6), for a total reduction in fees of $1,155.

responses, and inserting page breaks.  Again, the plaintiffs offer no defense of these entries.[7]

The final category of challenged billing as to Martin is that of translating/transcribing documents between Spanish and English.  The defendants provide no authority for the proposition that such activity is merely clerical, and the First Circuit has described such activity as falling "into the gray area between purely clerical tasks and those properly entrusted to a paralegal."  *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992) (citing *Jenkins*, 491 U.S. at 288 & n.10, and upholding an award of such hours at a reduced hourly rate).  In the absence of meaningful input from the parties, the Court will follow the *Lipsett* approach; Martin's hours billed for translation/transcription will be awarded, but at a discounted hourly rate of $40.[8]

The plaintiffs assert that, as to purely clerical activities, the proper remedy is not to disallow the hours but to reduce them by an appropriate percentage; they suggest a 20% reduction.  (Doc. 138 at 10).  Effectively, the plaintiffs propose that the Court award fees of $120 an hour for a lawyer placing copies of cases in a file folder and $60 an hour for a paralegal making copies and stuffing envelopes.  This appears to be a distortion of the approach taken in *Johnson v. TMI Management*

---

[7] The plaintiffs assert generally that preparing for client meetings, reviewing pay stubs for potential FLSA violations, drafting documents accompanying the complaint, distributing FLSA opt-in notices, and assisting clients with interrogatories are not clerical activities.  (Doc. 138 at 9-10).  This is presumably so as a general matter, but making copies, stuffing envelopes and so forth is clerical work regardless of whether it is undertaken in support of an overall non-clerical objective.

[8] The plaintiffs assert that Martin's time should be compensable because, had they hired outside translators, they could have recovered such costs under 28 U.S.C. § 1920.  This appears doubtful, given the Supreme Court's holding in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997 (2012), that "the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation."  *Id*. at 2007.  But the plaintiffs' invocation of Section 1920 does suggest their appreciation that translation is not a core paralegal task subject to compensation at a full paralegal rate, and they have not attempted to show that the market rate for document translators exceeds $40 an hour.

*Systems, Inc.*, 2012 WL 4435304 (S.D. Ala. 2012), where this Court ruled that clerical work is non-compensable and accounted for it by imposing a 20% cut on all requested paralegal hours (not just those hours that represented clerical activities).  *Id*. at *5-6.[9]   The plaintiffs cite only a single district court opinion as support for their favored approach, and even that case recognized that "[h]ours spent on purely clerical or secretarial tasks are unrecoverable overhead expenses," even when performed by a paralegal.  *Fox v. Tyson Foods, Inc.*, 2009 WL 9541256 at *9-10 (N.D. Ala. 2009) (internal quotes omitted).  Hours for clerical activity will thus be cut in their entirety.

To summarize, Stewart's time will be reduced by 1.3 hours ($195.00) to account for her clerical activity.  Donovan's time will be reduced by 1.0 hour ($75.00) to account for such entries. Martin's time will be reduced by 31.0 hours ($2,325.00) to account for such entries.[10]   Martin's hourly rate for the 12.6 hours

---

[9] This has been the Court's routine practice when clerical entries or other improprieties permeate billing records, rendering a line-by-line review unduly inefficient. *See Ceres Environmental Services, Inc. v. Colonel McCrary Trucking, LLC*, 2011 WL 1883009 at *5-6 (S.D. Ala. 2011) (total paralegal hours cut by 50% to account for billings for clerical activities); *SE Property Holdings, LLC v. Green*, 2013 WL 790902 at *6 (S.D. Ala. 2013) (total lawyer hours cut by 15% to account for multiple types of billing irregularities, including billing for clerical activities); *SE Property Holdings, LLC v. Welsh*, 2013 WL 608176 at *6 (S.D. Ala. 2013) (similar).  The Eleventh Circuit has approved this procedure.  *Bivins*, 548 F.3d 1348, 1350 ("When a district court finds the number of hours claims is unreasonably high, the court has two choices:  it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.").

In other cases, in lieu of a percentage reduction in total billed hours, the Court has surgically cut all hours billed for clerical activities.  *E.g., Smith*, 2015 WL 7185503 at *6; *Iberiabank v. Case Construction, LLC*, 2015 WL 4624732 at *5 (S.D. Ala. 2015); *Trotter v. Columbia Sussex Corp.*, 2010 WL 383622 at *8 (S.D. Ala. 2010); *Allen v. McClain EZ Pack, Inc.*, 2005 WL 1926636 at *3 (S.D. Ala. 2005).

[10] A number of the entries reflecting clerical activity were made as part of longer entries, and the plaintiffs offer no test for determining how much time was spent on the clerical portion of the entry.  The Court therefore reduces the time associated with those entries by 50%.  *See generally Smith*, 2015 WL 7185503 at *5 (discussing the problem of block billing and appropriate responses to the practice).

she billed for translation/transcription will be awarded at a $40 hourly rate, resulting in a reduction of $441.00.

### D.  Vaguely Described Hours.

 "In addition to a reduction for block billing, a time entry may be further discounted where the description of the work performed is overly vague.  … Examples are entries for 'discussion,' 'conference' or 'review.'"  *Smith*, 2015 WL 7185503 at *6 (internal quotes omitted) (identifying several vague entries and reducing the time as to those entries by 20%).  The defendants identify a host of entries the say are vague.  (Doc. 136-5).  Going *Smith* one better, they demand not merely a "discount" of such entries but their entire exclusion.  (Doc. 136 at 9).

The plaintiffs, while not conceding the defendants' point, agree to a reduction of $2,233.50 to account for vagueness.  (Doc. 138 at 11; Doc. 138-1). The Court finds that this figure more than compensates for any possible vagueness issue and will not impose any additional reduction.

### E.  Fees on Fees.

The plaintiffs seek additional fees of $2,055 incurred in responding to the defendants' opposition to their fee petition.  (Doc. 139).  The defendants acknowledge that such fees generally are allowed but suggest these particular fees should be disallowed because, had the plaintiffs not sought excessive fees in the first place, the defendants would not have been compelled to object, and the plaintiffs would not have incurred the fees.  (Doc. 144).  The defendants emphasize that the plaintiffs in their reply brief conceded fees at several points (clerical work and vague entries), and they conclude that their opposition to the requested fees was thus "justified" and the plaintiffs' reply brief unjustified.  (*Id*. at 2).

Viewing the landscape in this fashion does not assist the defendants.  It is true, as noted in Part IV, that the defendants have succeeded in reducing the fee award by several thousand dollars below the plaintiffs' request.  But it is also true that the defendants sought to reduce the award by approximately $38,000.[11]  Having forced the plaintiffs to defend – successfully – such a large share of their demand, the defendants cannot now complain that the plaintiffs should not have incurred fees doing so.

## IV.  Attorney's Fee Calculation.

The plaintiffs seek a total fee award of $70,752.38.  The Court has imposed reductions totaling $6,574.50.  Accordingly, the plaintiffs will be awarded $64,177.88 in attorney's fees.

## V.  Costs.

The plaintiffs seek $762.50 in costs under Section 1920.  (Doc. 122-1 at 13; Doc. 122-11).  The defendants register no objection, and these costs will be awarded.

The plaintiffs also seek $1,246.02 as out-of-pocket travel expenses.  (Doc. 122-1 at 13; Doc. 122-11).  The defendants object that recoverable costs under the FLSA are limited to those listed in Section 1920.  (Doc. 136 at 10).

"The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  As the Court recently explained in *Smith*:

> "[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A.

---

[11] The defendants have sought to exclude approximately $4,000 in discovery fees, over $14,000 in post-offer of judgment fees, over $12,000 in travel fees, over $5,000 in asserted clerical activities, and almost $3,000 in asserted vague entries.

§ 1920." *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  Costs beyond those listed in Section 1920 are shifted only if the specific statute awarding costs "refers explicitly" to the element of costs at issue.  *Id*. (explaining *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).  While *Glenn* involved only expert witness fees, its holding extends to any element of costs sought under Section 216(b).  *Mock v. Bell Helicopter Textron, Inc*., 456 Fed. Appx. 799, 802 (11th Cir. 2012) ("Though plaintiffs may, in addition to fees, recover the 'costs of the action' in ADEA [or FLSA] cases …, this Court has clearly held [in *Glenn*] that cost recovery is limited by 28 U.S.C. § 1920.").  The Court has previously recognized this limitation on the recovery of costs under the FLSA, *Clark*, 2013 WL 3930095 at *9, as have many sister courts within the Eleventh Circuit.

2015 WL 7185503 at *10 (citing cases from the Northern District of Georgia, Southern District of Florida, Middle District of Florida, and Northern District of Alabama).  The plaintiffs ignore *Glenn*, *Mock* and *Smith* in favor of several district court decisions (and one appellate decision) from outside the Eleventh Circuit, (Doc. 138 at 12), but the Court would not be free to follow them even if it agreed with them.[12]  Accordingly, travel expenses will not be awarded.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for attorney's fees and costs is **granted in part**, and their supplemental motion for attorney's fees is **granted**.  The Court awards reasonable attorney's fees in the amount of $64,177.88 and costs in the amount of $762.50.  To the extent the plaintiffs seek additional recovery, their motion for attorney's fees and costs is **denied**.

DONE and ORDERED this 9th day of May, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] The plaintiffs also cite *Lee v. Krystal Co*., 918 F. Supp. 2d 1261, 1285 (S.D. Ala. 2013), but the Court there relied on cases from outside the Eleventh Circuit, the parties having failed to cite to *Glenn* or *Mock*.