# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MIGUEL ANGEL FUENTES** | ) |
| **CORDOVA, et al., etc.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 14-0462-WS-M** |
| | ) |
| **R & A OYSTERS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiffs' objections to an order of the Magistrate Judge.  (Doc. 145).  The defendants have filed a response and the plaintiffs a reply, (Docs. 153, 157), and the matter is ripe for resolution.  After careful consideration, the Court concludes that the Magistrate Judge is due to be affirmed.

## DISCUSSION

The order at issue makes two non-dispositive rulings.  (Doc. 142).  A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a).  As the Court has noted,  "[t]he 'clearly erroneous or contrary to law' standard of review is extremely deferential. ...  Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ...  With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Wright*

*Transportation, Inc. v. Pilot Corp.*, 2013 WL 5718997 at *1 (S.D. Ala. 2013) (internal quotes omitted).

## I.  Deposition Length.

The Rule 16(b) scheduling order provides, in relevant part, that "[e]ach deposition is limited to a maximum of 7 hours for parties and experts and 4 hours for all other depositions, unless extended by agreement of the parties …."  (Doc. 92 at 2).  The plaintiffs desire to depose "two key corporate employees" of the corporate defendant ("Fox" and "Wilson") for seven hours, but the defendants complained that these employees are not "parties" for purposes of the scheduling order.  The plaintiffs filed a motion to clarify the scheduling order by confirming that the deponents qualify as parties or, in the alternative, to amend the scheduling order to permit the deponents, if non-parties, to be deposed for seven hours anyway.  (Doc. 124)  In his order resolving the motion, the Magistrate Judge clarified that the term "party" means "a person whose name is designated on record as a plaintiff or defendant" as well as any Rule 30(b)(6) deponent designated by the corporate defendant.  The Magistrate Judge further found that the plaintiffs had failed to show the "good cause" necessary for an amendment to the scheduling order under Rule 16(b)(4).  (Doc. 142 at 1-2).  The plaintiffs challenge both rulings.

The plaintiffs first argue that the Magistrate Judge's interpretation of "party" to exclude high-level employees of the corporate defendant (except to the extent presented as Rule 30(b)(6) deponents) constitutes an abuse of discretion and is thus clearly erroneous.  They argue that a managing agent of a corporation may be deposed pursuant to Rule 30(b)(1) without a subpoena; that the testimony of such a deponent may bind the corporation; that Fox and Wilson meet the test of a managing agent; that the defendants effectively conceded the same by accepting the deposition notices without demanding subpoenas; and that they (the plaintiffs)

2

intend to elicit from these deponents testimony binding on the corporate defendant.  (Doc. 145 at 2-3, 5-9).

It is not immediately apparent how an employee's ability to bind a corporation by her testimony transforms the employee into "the corporation" in any meaningful sense.[1]  The Court, however, need not tarry over the plaintiffs' argument, because it rests on a *non sequitur*.  Regardless of whether an employee may be treated as equivalent to a party for purposes of Rule 30, the relief the plaintiffs sought from the Magistrate Judge was a clarification of what the Magistrate Judge intended by *his* use of the term "party."[2]

"The district court is in the best position to interpret its own orders."  *Alley v. United States Department of Health and Human Services*, 590 F.3d 1195, 1202 (11th Cir. 2009) (internal quotes omitted).  Thus, "[w]hen a district court interprets its own order we are obliged to review that interpretation for abuse of discretion and accord its interpretation deference so long as it is reasonable."  *Nebula Glass International, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1211 (11th Cir. 2006).  Presumably, a judge could employ such a tortured definition of a term in his order as to render his definition unreasonable and an abuse of discretion – say, for example, if she defined "white" as meaning "black," or "party" as meaning "penguin" or "left-handed brunette."  But there is absolutely nothing odd or unnatural about defining "party" for purposes of deposition length to mean the

---

[1] That is, it is not clear that *binding* a corporation is the same as *being* the corporation.  Any agent, within the limits of his authority, can bind his principal, but one does not often hear of an agent described on that reasoning as being the principal.

[2] "Plaintiffs … submit this Motion … to Clarify the Meaning of "Party" in Section 7(b) of the Order."  (Doc. 124 at 1).  The Magistrate Judge was asked to determine whether Fox and Wilson were "'parties' within the meaning of the Scheduling Order."  (*Id.* at 2).  The plaintiffs "request[ed] clarification from the Court that Fox and Wilson are 'parties' for purposes of Section 7(b) of the Scheduling Order."  (Doc. 124-1 at 5).  They "request[ed] clarification … regarding whether managerial employees … are considered 'parties' for purposes of deposition length under Section 7(b) of the Scheduling Order."  (*Id.* at 7).

3

named parties and (which is the same thing) the 30(b)(6) representative of a named corporate party.

The defendants wonder, "How can the Magistrate Judge interpret his own order incorrectly?" (Doc. 153 at 3). The question is not exactly the right one, since it focuses on correctness rather than reasonableness, but it points out the flaw in the plaintiffs' argument. The plaintiffs in their reply brief do not answer the question but simply avoid it. (Doc. 157 at 3-4). The Court, however, cannot do so.

"A schedule [entered under Rule 16(b)] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The defendants, without defining what "good cause" entails, assert that the Magistrate Judge's failure to find good cause for modifying the scheduling order is an abuse of discretion and thus clearly erroneous. (Doc. 145 at 9-10).[3] They argue that Fox and Wilson are "key corporate employees who have substantial information that relates directly to Plaintiffs' claims," such that they need a full seven hours to depose them completely. (*Id.*).

Only two of the original six claims in this lawsuit remain: one for breach of contract regarding the payment of promised wages and other compensation, the other regarding a retaliatory refusal to rehire certain plaintiffs because they sought to vindicate their FLSA rights. The plaintiffs identify Fox as a source of needed information about: (1) how the corporate defendant estimated the hours the plaintiffs worked; and (2) the meeting where the defendants revoked their promise of visas for the next season. (Doc. 145 at 7).[4] The defendants do not explain how this short list of finite subjects could require an efficient lawyer seven hours to

---

[3] Because the only way of showing clear error invoked by the defendants is an abuse of discretion, (Doc. 145 at 5; Doc. 157 at 2), their appeal is so limited.

[4] Fox will also testify as a 30(b)(6) representative regarding electronically stored information, but that time does not count against the four hours of his non-party deposition. (Doc. 145 at 7 & n.7).

exhaust; much less do they explain how the Magistrate Judge could have not merely erred but have abused his broad discretion in concluding that their showing failed to demonstrate the requisite good cause for the requested extension.

Wilson is identified as one communicating with and between defendant Rodney Fox, government agent Connie Chavez, and the plaintiffs and other H-2B workers.  The plaintiffs wish to depose Wilson regarding what she communicated to the plaintiffs about their terms and conditions of employment and their rehire for the 2014-2015 season, (Doc. 145 at 8), which is reasonable but hardly seems capable of requiring four hours to cover.  The defendants note that Wilson had responsibility to prepare and certify certain papers in connection with the H-2B program, to communicate with Chavez about scheduling workers' appointments, and to send Chavez a list of workers the corporation chose to hire, (*id*.), but they do not assert that they need to depose her on these matters; even had they done so, they offer no reason to suspect they need three additional hours to address them. Again, the defendants have done nothing to suggest that the Magistrate Judge abused his broad discretion in ruling that their thin showing failed to demonstrate good cause for an extension.  Simply labeling the witnesses' knowledge as "vast and critical," (Doc. 157 at 2), carries no burden.

## II. Confidentiality.

The Magistrate Judge entered a protective order, jointly proposed by the parties, addressing confidential information.  (Doc. 115).  The order provides in part that, when a party challenges its opponent's confidentiality designation and the parties cannot informally resolve the dispute, the party asserting confidentiality may move the Court to confirm the designation.  (*Id*. at 7).  The defendants did so with respect to certain daily production reports and weekly payroll records that had been discussed in the corporate defendant's Rule 30(b)(6) deposition.  (Doc. 131).  The defendants asked the Magistrate Judge to "affirmatively declare that [four certain exhibits] are Confidential Information in accordance with the terms

of" the protective order.  (*Id*. at 4).  The Magistrate Judge granted the motion, declaring that "the exhibits at issue are Confidential and subject to the previously entered Joint Protective Order."  (Doc. 142 at 2).

The plaintiffs assert that the Magistrate Judge's ruling is both clearly erroneous and contrary to law, on the grounds that "there is a strong presumption in favor of maintaining open judicial proceedings."  (Doc. 145 at 10).  And so there is, but designating discovery documents as confidential does not close any judicial proceedings.  It does not, as in the plaintiffs' cited cases, exclude the public from a trial or seal judicial records from the public.  Whether the defendants could insist upon the exhibits being sealed from the public were the plaintiffs to submit them, say, in support of a motion for summary judgment or as trial evidence, is a question not presented by the underlying motion or answered by the Magistrate Judge's order.  *See generally Suell v. United States*, 32 F. Supp. 3d 1190 (S.D. Ala. 2014) (discussing agreed protective orders, how they "adequately address the interests of the parties," and how the public has certain rights concerning access to filed discovery materials despite such orders).[5]

In a similar vein, the plaintiffs protest that the Magistrate Judge should have followed the analysis of cases weighing whether to enter a protective order under Rule 26(c).  (Doc. 145 at 10-11).  In this case, however, there already is a protective order – one agreed to by the plaintiffs themselves.  Whether the Magistrate Judge properly could have declared the exhibits confidential absent the plaintiffs' prior agreement to the confidentiality order is immaterial.

Finally, the plaintiffs characterize the Magistrate Judge's ruling as a "gag order" that "preclude[s] [them] from airing some of the most important evidence

---

[5] The protective order envisions that the parties will file motions for leave to file confidential documents under seal and contemplates that the Court may deny such a motion.  (Doc. 115 at 5-6).  This is consistent with governing law.  *See, e.g., Suell*, 32 F. Supp. 3d at 1192 (an agreed protective order to file certain materials only under seal does not bind a court or permit it to ignore the public's constitutional and common-law rights of access to filed materials).

of their case in a public forum," even as the defendants allegedly make public misrepresentations which those documents could refute or undermine.  (Doc. 145 at 11-12).  What they complain of, however, is simply the predictable result of agreeing to a confidentiality order.

Thanks to that order, the only question before the Magistrate Judge was whether the exhibits fell within any of the categories of "confidential information" identified in the agreed order.  (Doc. 115 at 2).  In their principal brief, however, the plaintiffs do not argue or even suggest that the exhibits at issue fall outside these categories.  In their reply brief they change tack, arguing that the disputed exhibits do not constitute "confidential information" under the protective order. (Doc. 157 at 4-6).  As the Court has stated on many occasions (and three times in this very lawsuit),[6] absent a good reason for doing otherwise, it will follow the general rule nationally and not consider an argument first raised in a reply brief. Because the plaintiffs have offered no reason for failing to advance this argument in their principal brief, the Court will not consider it.  At any rate, their tepid effort falls far short of demonstrating that the Magistrate Judge's characterization of the exhibits as confidential information is clearly erroneous or contrary to law.[7]

---

[6] *Cordova v. R&A Oysters, Inc.*, ___ F. Supp. 3d ___, 2016 WL 951570 at *1 n.1 (S.D. Ala. 2016); *Cordova v. R&A Oysters, Inc.*, 101 F. Supp. 3d 1192, 1198 (S.D. Ala. 2015); *Cordova v. R&A Oysters, Inc.*, 2015 WL 4523998 at *3 (S.D. Ala. 2015).

[7] The plaintiffs merely posit that, because the exhibits can be characterized as payroll records of the plaintiffs (which are non-confidential), they cannot also be characterized as containing proprietary information and/or certain financial information (which is confidential), or that, even if they can be characterized both ways, the non-confidential characterization controls.  (Doc. 157 at 5).  Clearly, though, a document can fall within multiple categories, and the plaintiffs have done nothing to demonstrate that, in such an event, the non-confidential category governs.  Since the express purpose of the protective order is "to safeguard any confidential or proprietary information involved in this case," (Doc. 115 at 1), the plaintiffs' construction is most improbable.

**CONCLUSION**

For the reasons set forth above, the Magistrate Judge's order is **affirmed**.


DONE and ORDERED this 2nd day of June, 2016.

<div style="margin-left:40%">

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

</div>