# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION 14-0462-WS-M<br>) |
| R & A OYSTERS, INC., et al., | )<br>) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the parties' joint motion for conditional certification of the settlement class and appointment of class counsel. (Doc. 174). The request is directed only to Count III of the amended complaint, (Doc. 20), which sets forth a claim for breach of contract. The proposed class, which mirrors precisely that sought in the amended complaint, (*id*. at 15), is as follows:

> [A]ll those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in Alabama between October 8, 2008 until the filing date of the present action, and who were paid on an hourly basis.

(Doc. 174-1 at 2).

The parties seek certification under Rules 23(a) and 23(b)(3). The requirements of these rules apply with at least equal vigor in the settlement-class context. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *accord Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999).

The Rule 23(a) requirements for certification of any class action are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. The additional requirements for certification under Rule 23(b)(3) are: (5) predominance; and (6) superiority. *Amchem*, 521 U.S. at 613, 615. For reasons expressed below, the Court is satisfied that these requirements are satisfied here.

To satisfy the numerosity requirement, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This determination is not made in a vacuum but with due regard to practical realities. Thus, for example, the Eleventh Circuit has upheld certification of a class of 31 individuals, based in part on the "geographic dispersion" of the class members. *Kilgo v. Bowman Transportation, Inc.*, 789 F.2d 859, 878 (11th Cir. 1986).

The proposed class consists of 51 specific individuals.[1] "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotes omitted). The Court has construed *Cox* as standing for the proposition that "[n]umerosity is generally presumed when a proposed class exceeds 40 members." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005); *see also County of Monroe v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010) (a class of 59 "is presumptively large enough to satisfy the numerosity requirement").

The proposed class consists of Mexican nationals, mostly residing in small towns or rural areas, with no command of the English language and with claims of small value. Under these circumstances, the Court finds the proposed class sufficiently numerous to render joinder of all class members impracticable. *See Ramirez v. GLK Foods, LLC*, 2014 WL 2612065 at *4 (E.D. Wis. 2014) (finding, in an action similar to that brought here, and for reasons echoing those addressed above, that a class of at least 35 satisfied the numerosity requirement); *see also Rosario-Guerro v. Orange Blossom Harvesting*, 265 F.R.D. 619, 625 (M.D. Fla. 2010) (in a similar lawsuit, and for similar reasons, finding that a class of as few as 60 members satisfied the numerosity requirement).

---

[1] That the identity of the class members is known confirms that "the proposed class is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (internal quotes omitted).

Commonality requires that the action "must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). That requirement is easily satisfied here, as the existence *vel non* of a contract (which the defendants dispute) is based on the same documents and conduct as to each class member.

"A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Murray*, 244 F.3d at 811. "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *accord Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009). The named plaintiffs' contract claim is indistinguishable from that of every other class member; it arises from the same pattern or practice (not reimbursing migrant workers their travel and tool expenses), addresses the same elements of uncompensated expense, and asserts a single legal theory (breach of contract). Only the dollar amount of damages varies, and "[d]ifferences in the amount of damages between the class representative and other class members d[o] not affect typicality." *Kornberg*, 741 F.2d at 1337.

Adequacy "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (internal quotes omitted). Named plaintiff Miguel Angel Fuentes Cordova plainly suffers from no conflict of interest, as his claim is both substantively identical to that of every class member and comparable in amount. The Court's familiarity

with the plaintiffs' tenacious prosecution of this action satisfies it that Cordova will adequately prosecute the action on behalf of the class.[2]

Adequacy also includes an assurance the class representatives will vigorously pursue the interests of the class "through qualified counsel." *Valley Drug*, 350 F.3d at 1189 (internal quotes omitted). Plaintiffs' counsel is well qualified to pursue the interests of the class. (Doc. 174-5).

The Court finds that common issues of law and fact predominate. As noted, the only individual issue is the quantity of damages per class member, and even that issue must be resolved by a simple formula. (Doc. 173-2 at 14). "Particularly where damages can be computed according to some formula, statistical analysis, or other easy or essentially mechanical methods, the fact that damages must be calculated on an individual basis is no impediment to class certification." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1259-60 (11th Cir. 2004) (footnotes omitted). Even less so here, where the values of every variable save one (the amount of expense incurred each season) are already known for each class member, and even the amount of expense incurred each season is already known (from previous resolution of the FLSA minimum wage claims) for almost half of the approximately 155 total seasons worked by the class members.

In view of the factors to be considered, it is clear that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. As Mexican nationals and residents, with small claims and no fluency in English and limited familiarity with the American legal system, the

---

[2] Named plaintiff Leovardo Morales Inclan has, in addition to the contract claim, an FLSA retaliation claim (as do six other class members). The proposed settlement awards Inclan over 100 times as much on his retaliation claim as on his contract claim. (Doc. 173-2 at 27). Because it is unclear to the Court whether the amount available to settle the lawsuit's contract claims may have been reduced by the amount allocated to settle the retaliation claims, and because Inclan's financial interest in the contract claim is miniscule compared to that of most class members (and compared to his interest in his FLSA retaliation claim), (*id*. at 27-28), the Court declines to decide whether Inclan is an adequate class representative. Because Cordova is an adequate class representative, class certification may proceed nevertheless.

class members have little interest in individually controlling the prosecution of separate actions. There is no other litigation concerning the controversy. The state and federal courts of Alabama appear to offer the only potential domestic forum, and the defendants presumably would resist being haled into Mexican courts. Finally, the proposed settlement moots any potential difficulties in managing a class action. *Amchem*, 521 U.S. at 620.

For the reasons set forth above, and for the purposes of settlement only, the motion for conditional certification of the settlement class is **granted**. The Court conditionally certifies Count Three of this action as a class action on behalf of the following settlement class:

> [A]ll those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in Alabama between October 8, 2008 until the filing date of the present action, and who were paid on an hourly basis.

For the reasons set forth above, the plaintiffs' deemed motion to appoint Miguel Angel Fuentes Cordova as class representative is **granted**, and Cordova is **appointed** as the representative of the class. To the extent the plaintiffs seek appointment of Leovardo Morales Inclan as additional class representative, their motion is **denied**.

"An order that certifies a class action must … appoint class counsel …." Fed. R. Civ. P. 23(c)(1)(B). After considering the matters identified in Rule 23(g)(1)(A), and for the reasons set forth above, the Court concludes that the Southern Poverty Law Center is adequate class counsel. The motion to appoint class counsel is **granted**, and the Southern Poverty Law Center is **appointed** as class counsel to represent the settlement class.

DONE and ORDERED this 12th day of September, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE