# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL FUENTES CORDOVA, et al., etc., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION 14-0462-WS-M<br>) |
| R & A OYSTERS, INC., et al., | )<br>) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the parties' joint motion for preliminary approval of class action settlement agreement and notice to class members. (Doc. 173). The Court has by separate order conditionally certified a settlement class and appointed a class representative and class counsel. (Doc. 175).

A class action can be settled "only with the court's approval." Fed. R. Civ. P. 23(e). Final approval can be had only following class notice and a hearing. *Id*. First, however, the Court is to "make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Smith v. William Wrigley Jr. Co*., 2010 WL 2401149 at *2 (S.D. Fla. 2010). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id*. (internal quotes omitted). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Id*.

The settlement agreement provides a pot of $86,500.00, with $42,654.86 allocated to settle the class members' contract claims and the balance allocated to settle the FLSA retaliation claims of seven individuals. Three class members, who separately settled with the defendants in December 2015 for $500 each, will

receive the amount to which they then agreed. The remaining 48 class members will split the remaining $41,654.86. Each such class member will receive approximately half the full remaining value of his or her contract claim.[1] Given the uncertainties raised by the defendants' arguments regarding the existence *vel non* of enforceable contracts to pay class members the prevailing wage, as well as the vagaries of the trial process, the Court preliminarily finds this to be a fair and reasonable settlement percentage.

The named plaintiffs and FLSA opt-in plaintiffs provided detailed information regarding their annual travel and tool expenses, and as to these class members the full value of their contract claims is known precisely. As to the remaining class members, each is deemed by the settlement to have incurred travel and tool expenses in the average amount, per work season, incurred by the named plaintiffs and opt-in plaintiffs. In the absence of more precise information, the Court preliminarily finds this to be a fair and reasonable means of approximating the full potential damages of these class members.[2]

The proposed settlement, reached after almost two years of energetic litigation and after extensive mediation, appears on its face to be the result of good faith negotiations, and the Court detects no obvious fatal deficiencies.

---

[1] The two named plaintiffs, as well as sixteen opt-in plaintiffs, settled their FLSA claims on terms that provided full recovery of unpaid hours at the minimum wage rate of $7.25. As to such class members and such hours, the full remaining value of their contract claims is the difference between the hourly minimum wage and the (higher) hourly prevailing wage.

[2] The Court is concerned with Section VI.5, which appears to contemplate a lower recovery for some or all class members if any class member files a claim form establishing that he or she worked more seasons than the defendants' records reflect or that he or she is a class member despite not being one of the 51 individuals identified by the defendants as the universe of class members. It appears that class members will be compensated for such additional seasons, but generally only out of the fixed pool of $41,654.86 – which could result in lower recoveries than those promised should all or most class members submit claim forms. The Court will not withhold preliminary approval on this basis, but it will not finally approve the settlement before this concern is satisfactorily addressed.

Accordingly, the motion for preliminary approval of class action settlement agreement is **granted**, and the settlement agreement is preliminarily **approved**.[3]

**II. Class Notice.**

Before a class settlement can be finally approved, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Moreover, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id*. Rule 23(c)(2)(B). The notice requirement, which stems from both Rule 23 and the Due Process Clause, has two primary components: content and manner of distribution. *Adams v. Southern Farm Bureau Life Insurance Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007).

The settlement agreement provides for notice to each listed class member by "mail" to the last known addresses as maintained by the defendants. (Doc. 173-2 at 10). Notice is the responsibility of class counsel, which is "empowered" to use "electronic mail, facsimile, or other means" to distribute notice. (*Id*.). Although not set forth in the settlement agreement, the parties' brief asserts that notice will be sent to the last known address "in both Mexico and the United States." (Doc. 173-1 at 10). The Court assumes, and will require, that "mail" constitutes first class mail or better, with provision for return (or notice) of undelivered mailings. Given what the parties admit are "challenges with mail service in Mexico," (*id*.), and given that it has been five years or more since some of the class members last worked for the defendants, the Court will require class counsel to utilize all available means – including telephone, telefax and e-mail – to reach the 51 class members, and – in light of the deadline for filing a claim – to

---

[3] Because the class action aspect of this lawsuit extends only to the breach of contract claim, the Court expresses no opinion regarding the settlement of the FLSA retaliation aspect of the lawsuit.

begin such efforts no later than 14 days after the first mailing. The Court will also require periodic reports regarding these efforts and their results.

To pass muster as to content, notice "must also contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotes omitted). "Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." *Id*. (internal quotes omitted). Such information includes "the relief available, the steps necessary to opt out, and the implications of remaining a member of the class." *Adams*, 493 F.3d at 1287.

The proposed notice is written in English, but the parties represent that it be translated into Spanish before distribution. (Doc. 173-1 at 9). The Court makes this assurance a requirement. The Court also requires that reference to Inclan as a class representative, (Doc. 173-3 at 4), be deleted, as the Court has not appointed him to such a position.

While the settlement agreement is clear that timely submission of a claim, objection or request for exclusion depends on the date it is "postmarked," (Doc. 173-2 at 7, 8, 11), the notice uses a variety of terms, including "receive," "file," and "send." (Doc. 173-3 at 7-9). Especially given the admitted unreliability of the Mexican postal system, the Court requires that the notice use only the term "postmarked" with respect to objections and requests for exclusion (which are to be filed with the Court). With respect to claim forms, which may be mailed, telefaxed or e-mailed to class counsel, the Court requires that the notice clearly use only the term "postmarked" (for mailed forms) or "received" (for telefaxed or e-mailed forms).

Section 16 of the notice addresses objections. The Court believes that four alterations to this provision are required. First, language must be added that

4

advises class members to set forth in their written objections all the reasons they believe the settlement should not be approved, with as much explanation as they desire to include.  Second, the words "in person" must be added to the final sentence of the first paragraph, between "object" and "to the terms."  Third, a new sentence must be added, advising class members that their timely written objections will be considered by the Court even if they do not attend the fairness hearing.  Fourth, a new sentence must be added that advises class members they may file an objection even if they also submit a claim form.

Because the claim form will be included with each class notice, the Court concludes that the parties have moved for approval of the claim form.  The Court notes that the claim form states that class counsel must "receive" the completed form by the deadline. (Doc. 173-4 at 3).  As discussed above, the Court requires that the claim form clearly use the term "postmarked" (for mailed forms) and "received" (for telefaxed or e-mailed forms).

With the understanding that these directives will be followed, the Court preliminarily concludes that the proposed notice is the best notice practicable under the circumstances and that it satisfies the requirements of Rule 23 and due process.  Accordingly, the motion for preliminary approval of class notice (including claim form) is **granted**, and the class notice (including claim form) is preliminarily **approved**.[4]

### III.  Establishment of Dates.

The defendants are to provide class counsel with the last known addresses of all class members on or before **September 16, 2016**.

Class counsel is to complete mailing of the class notice and claim form to all class members on or before **September 26, 2016**.  Class counsel is to file and serve a notice confirming accomplishment of this task on or before **September 27,**

---

[4] Final approval of the manner of notice must await the receipt of information regarding the results of class counsel's notification efforts.

**2016**. Class counsel is to begin contacting class members by the other means identified in this order no later than **October 10, 2016**.

Class counsel is to file and serve three reports addressing: (1) the number of completed claim forms received from class members; (2) the number of class notices known not to have been received by class members; and (3) the efforts made by class counsel to ensure class members' receipt of class notice. These reports are to be filed and served on or before **November 7**, **November 21** and **December 5, 2016**.

To be timely, objections and exclusion requests must be mailed to the Court and postmarked no later than **November 25, 2016**. To be timely, claim forms must be mailed to class counsel and postmarked no later than **November 25, 2016** or telefaxed or e-mailed to class counsel and received no later than **November 25, 2016**. This deadline may be extended by the Court as to any class member who, according to class counsel's November 7, 2016 report, has not received the class notice and claim form.

A hearing on the fairness and reasonableness of the settlement and whether final approval shall be given will be held on **December 6, 2016** at **2:00 p.m.** in Courtroom 2-A.

The parties shall file a motion for final approval of the settlement, and may file memoranda in support of same, no fewer than ten days before the hearing.

DONE and ORDERED this 12th day of September, 2016.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE